1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7
8

| | | |
|---|---|---|
| CHARLOTTE A. THRALL, | ) | 3:05-CV-00067-RAM |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM  DECISION** |
| | ) | **AND ORDER** |
| vs. | ) | |
| | ) | |
| PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

9
10
11
12
13
14

Before the court is Defendant Prudential Insurance Company's Motion for Summary
Judgment.  (Doc. #89).  Plaintiff opposed the motion and filed a Cross Motion for Summary
Judgment.  (Doc. #91).  Defendant opposed Plaintiff's motion and replied to her opposition.
(Doc. #97).  Plaintiff replied.  (Doc. #99).

15
16
17
18

**BACKGROUND**

19
20

The issue before the court is whether Robert Kotnour, now deceased, designated
Charlotte Thrall as his beneficiary to a group life insurance policy.  At the time of his
retirement from KPMG Mr. Kotnour elected to continue the Prudential Insurance Company
("Prudential") life insurance policy offered through his employer. (Doc. #91, Exh. 1). KPMG
was the contract holder and under the terms of the contract maintained information about
the individual employees, former employees, and beneficiary designations until such time
as a claim was submitted for benefits.  (Doc. #91, Exh. 3 at 14-17).  At that time, Prudential
would pay the policy proceed in accordance with the information provided by KPMG.
(Doc. #89).

21
22
23
24
25
26
27
28

1    On June 12, 2000, Mr. Kotnour notified KPMG that he wished to designate his four

2    children as beneficiaries of the Prudential Group Term Life Insurance Policy.  (Doc. #89, Exh.

3    B).  Allegedly, sometime in September of 2001 Mr. Kotnour wrote a letter, hereinafter "the

4    letter", to KPMG advising them that he wished to change the beneficiary of his accounts to

5    Charlotte A. Thrall.  Doc. # 91, Exh. 5).

6                                    **<u>DISCUSSION</u>**

     *A.*    **Standard for Summary Judgment**

7

8         The purpose of summary judgment is to avoid unnecessary trials when there is no

9    dispute as to the facts before the court.  *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

     F.3d 1468, 1471 (9th Cir. 1994).  The moving party is entitled to summary judgment where,

10   viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there

11   are no genuine issues of material fact in dispute and the moving party is entitled to judgment

12   as a matter of law. FED. R. CIV. P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

13   Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary

14   basis for a reasonable jury to find for the nonmoving party.  FED. R. CIV. P. 50(a).  Where

15   reasonable minds could differ on the material facts at issue, however, summary judgment

16   is not appropriate.  *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516

17   U.S. 1171 (1996).

18

19        The moving party bears the burden of informing the court of the basis for its motion,

20   together with evidence demonstrating the absence of any genuine issue of material fact.

     *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden,

21   the party opposing the motion may not rest upon mere allegations or denials of the

22   pleadings, but must set forth specific facts showing that there is a genuine issue for trial.

23   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Although the parties may submit

24   evidence in an inadmissible form, only evidence which might be admissible at trial may be

25   considered by a trial court in ruling on a motion for summary judgment.  FED. R. CIV. P. 56(c);

26   *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

27

28                                         2

1    In evaluating the appropriateness of summary judgment, three steps are necessary:

2    (1) determining whether a fact is material; (2) determining whether there is a genuine issue

3    for the trier of fact, as determined by the documents submitted to the court; and (3)

4    considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S.

5    at 248.   As to materiality, only disputes over facts that might affect the outcome of the suit

6    under the governing law will properly preclude the entry of summary judgment; factual

7    disputes which are irrelevant or unnecessary will not be considered. *Id.*  Where there is a

8    complete failure of proof concerning an essential element of the nonmoving party's case, all

9    other facts are rendered immaterial, and the moving party is entitled to judgment as a matter

10   of law. *Celotex*, 477 U.S. at 323.  Summary judgment is not a disfavored procedural shortcut,

11   but an integral part of the federal rules as a whole. *Id*.

12   **B.**    **Plaintiff's ERISA claim**

13   The court has previously determined that the Prudential Life Insurance Policy at issue

14   in this case is an employee benefit plan as defined by ERISA Section 3(2)(A) and 29 U.S.C. **§**

15   1002(2)(A).  (Doc. #35).  Accordingly, "[a] civil action may be brought by a participant or

16   beneficiary to recover benefits due to him under the terms of the plan."  29 U.S.C. §

17   1132(a)(1)(B).        In determining  whether Mr. Kotnour  effectively  made Plaintiff the

18   beneficiary of his insurance policy, the doctrine of substantial compliance applies. *Fortis*

19   *Benefits Insurance Company v. Johnson*, 966 F. Supp. 987, 990 n. 3 (D. Nev. 1997); *see also*

20   *BankAmerica Pension Plan v. McMath,* 206 F. 3d 821, 822 (9th Cir. 2000).  Under this doctrine,

21   Plaintiff must show that the insured, Mr. Kotnour, made a substantial effort to comply with

22   the policy provisions for change of beneficiary.  *See* Phoenix Mutual Life Insurance Co. v.

23   Adams, 30 F. 3d 554, 564 (4th Cir. 1994).  "[A]n insured substantially complies with the

24   change of beneficiary provisions when the insured: (1) evidences his or her intent to make

25   the change and (2) attempts to effectuate the change by undertaking positive action which

26   is for all practical purposes similar to the action required by the change of beneficiary

27   provision of the policy." *Fortis*, 966 F. Supp at 900 n. 3 (*quoting*, 30 F.3d at 564).

28

1   Defendant's Motion for Summary Judgment

2          First, Defendant's argument (Doc. #97) that the decedent could only properly change

3   the beneficiary of his life insurance by using the Prudential approved form lacks merit.  The

4   doctrine of substantial compliance makes abundantly clear that literal conformity with

5   change of beneficiary procedures is not always necessary.  See, e.g., *Phoenix*, 30 F.3d at 567

6   (affirming the lower court's ruling that even though decedent had not complied with the

7   requirement that he submit a written notice, other evidence showed that he intended to

8   change the beneficiary to his new wife).  The doctrine "is intended to circumvent the harsh

9   results engendered by a formalistic, overly technical adherence to the exact words of the

10  change of beneficiary provision in a given policy." *BankAmerica Pension Plan*, 206 F.3d at 822

11  (quoting *Phoenix*, 30 F.3d 554, internal quotations omitted).  Defendant's motion for summary

12  judgment relies exclusively on the argument that change of beneficiary could only be

13  accomplished through the approved form.  That is not the law and, as such, Defendant's

14  motion lacks a legal basis on which the court could grant summary judgment in their favor.

15  Defendant's Motion for Summary Judgment (Doc. #89) is **<u>DENIED</u>**.

16  Plaintiff's Motion for Summary Judgment

17         Plaintiff's argument in support of her motion for summary judgment relies solely on

18  the letter attached to her motion as exhibit 5 and on a portion of the deposition transcript

19  from the deposition of Jacqueline Danner, an associate manager at Prudential Financial .

20  (Doc. #91, Exhs. 3 and 5).

21         *Deposition Testimony of Ms. Danner*

22         Plaintiff argues that Defendant admitted that this letter evidences an intent to change

23  the beneficiary.  (Doc. #91, p. 4).  Plaintiff offers a portion of the deposition transcript as

24  support for this.  (*Id.* at Exh. 3).  Plaintiff's counsel, Matt Sharp, asked the witness, Ms.

25  Danner: "Would you agree with me by looking at Exhibit 6 in the second paragraph that Mr.

26  Kotnour is evidencing an intent to change the beneficiary of his life insurance policy to

27  Charlotte Thrall?"  The witness answered "Yes" after Defense counsel objected that the

28                                                      4

1   question calls for a legal conclusion.   The deposition transcript fails to support Plaintiff's

2   argument for two reasons: first, the court is not informed of the identity of the exhibit

3   discussed in this portion of the transcript (referred to only as "Exhibit 6" in the transcript);

4   second, even if it does refer to this letter, the testimony, in context, simply indicates that the

5   deponent agrees that the  letter, whether it be authentic or not,  manifests an intent to change

6   the beneficiary.  It does not indicate  that the deponent admits that the letter is authentic or

7   that the decedent, Mr. Kotnour, really had such an intent.  For these reasons, the deposition

8   transcript does not assist the court in determining whether there is any dispute of material

9   fact regarding the decedent's intent.

10       *The Letter*

11       Although the parties may submit evidence in an inadmissible form, only evidence

12   which might be admissible at trial may be considered by a trial court in ruling on a motion

13   for summary judgment.  Fᴇᴅ. R. Cɪᴠ. P. 56(c); *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d at

14   1181.  Documentary evidence must be authenticated before it can be admitted as evidence.

15   Fᴇᴅ. R. Eᴠɪᴅ. 901.  The proponent of the evidence need only make a prima facie showing that

16   the document is what it purports to be.  *See, e.g., United States v. Edwards*, 235 F.3d 1173, 1178

17   (9th Cir. 2000)(proponent of exhibit need only introduce proof sufficient to support

18   conclusion of a reasonable juror that the evidence is authentic).

19       Even though Plaintiff has submitted to the court a copy of a letter purporting to show

20   that Mr. Kotnour intended to change the beneficiary of his life insurance policy from his

21   children to Plaintiff, there is no proper evidence before this court of the authenticity of the

22   letter.  In the cross-motion the court is not informed of where this letter was found, when it

23   was sent, when it was received, by whom it was received, where it was kept after receipt, or

24   of any other facts that might tend to show that the letter is what it purports to be.  From the

25   pleadings, we know that KPMG claims to have never received it, although they apparently

26   did receive Mr. Kotnour's request to make Plaintiff the beneficiary of his 401(K), KPMG

27   Pension, KPMG Partner Retirement Savings, KPMG Personal Account for Retirement (PAR),

28

and KPMG Money Purchase Plans. (Doc. #89, at Exh. C). No other potential evidence of Mr. Kotnour's intent has been brought before the court. As such, the court is unable to conclude at this time whether the decedent substantially complied with the beneficiary change provisions for his life insurance policy. At trial, Plaintiff may be able to make a prima facie showing that the letter is authentic, at which time the finder of fact would be permitted to consider it along with any other evidence that may be presented.

The court does not consider any of the exhibits attached to Plaintiff's reply. (Doc. #99). No reason has been provided to the court why these documents and affidavits, which tend to show that the letter *is* authentic, and that decedent *did* intend to make Plaintiff the beneficiary of his life insurance policy, were not attached to the original opposition/cross-motion for summary judgment (Doc. #91). Surely Plaintiff could have easily provided these affidavits and the Bate stamped version of the letter with the initial motion. The court thinks Defendant should have a chance, at trial, to respond to these exhibits and present any evidence they might have regarding the decedent's intent, which is a threshold issue in the substantial compliance analysis and which the court cannot determine based on the evidence presented with Plaintiff's initial motion. Plaintiff's Cross Motion for Summary Judgment (Doc. #91) is **DENIED.**

<u>**CONCLUSION**</u>

For the reasons set forth above, Defendant's Motion for Summary Judgment (Doc. #89) and Plaintiff's Cross-Motion for Summary Judgment (Doc. #91) are both **<u>DENIED</u>**.

DATED:  May 22, 2007.

_____
UNITED STATES MAGISTRATE JUDGE